

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2002

# Pahler v. Wilkes-Barre

Precedential or Non-Precedential:

Docket 1-2275

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Pahler v. Wilkes-Barre" (2002). *2002 Decisions.* Paper 170.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/170

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2275


CHARLES M. PAHLER,
                              Appellant

v.

CITY OF WILKES-BARRE; THOMAS D. McGROARTY,
individually and as Mayor of the City of Wilkes-Barre;
WILLIAM J. BARRETT, individually and as Chief of
Police in the City of Wilkes-Barre


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-01143)
District Judge:  Hon. William J. Nealon


Submitted Under Third Circuit LAR 34.1(a)
February 7, 2002

Before:  SLOVITER, AMBRO, Circuit Judges, and SHADUR, District
Judge

(Filed:  March 12, 2002)


OPINION OF THE COURT
SLOVITER, Circuit Judge.

    Charles Pahler appeals from the District Court's dismissal of his complaint
brought pursuant to 42 U.S.C.  1983 against the City of Wilkes-Barre ("City"), its
Mayor, Thomas D. McGroarty ("McGroarty"), and its Chief of Police, William Barrett
("Barrett"), alleging a violation of the substantive due process component of the
Fourteenth Amendment.  Pahler, a City police officer, was ordered to participate in a drug
raid during which he sustained severe injuries from a buckshot from a shotgun of a fellow

police officer who neglected to set the safety mechanism on the shotgun. The officer who discharged the shotgun was a member of the Emergency Services Unit ("ESU") of the Police Department, but the ESU was not used in the raid.

Pahler claims that defendants violated his Fourteenth Amendment right to due process by requiring him to participate in a high risk drug raid with officers who were not adequately trained and by failing to use the ESU despite the fact that it comprises "officers who volunteered their candidacy, were then specially selected as members of the ESU, and were then to be specially and continually trained to manage highly dangerous incidents of violence arising in the City." App. at 3. Pahler was not a member of the ESU and his duties predominantly consisted of patrolling a specific geographical area in a marked Department vehicle.

Pahler's claim implicates two distinct legal theories: the "state-created danger" theory and the "failure to train" theory. Pahler now challenges the District Court's decision, arguing (1) that the District Court committed error by not accepting as true the factual allegations in the complaint and (2) that the District Court erred by concluding Pahler failed to plead a cause of action under a "failure to train" theory.

For the reasons that follow, we will now affirm.

                                    I.

In dismissing Pahler's complaint, the District Court held that "state-created danger" substantive due process claims are "inapplicable to law enforcement personnel who are injured during the course of their employment." App. at 61 (citing Collins v. City of Harker Heights, 503 U.S. 115 (1992); Rutherford v. City of Newport News, 919 F. Supp. 885 (E.D. Va. 1996), aff'd, 107 F.3d 867 (4th Cir. 1997); Hartman v. Bachert, 880 F. Supp. 342 (E.D. Pa. 1995)). The District Court also concluded that even if the "state-created danger" theory were applicable to Pahler's claims, defendants' alleged failure to use the ESU to conduct a raid on a suspected drug dealer's residence was not "'deliberatively indifferent' behavior that shocks the conscience constituting a substantive due process violation." App. at 62. Finally, the District Court determined that even if Pahler's "state-created danger" theory is found to apply to law enforcement officers who

suffered employment-related injuries, McGroarty and Barrett are entitled to the defense of
qualified immunity.  App. at 63.

The District Court also dismissed Pahler's Fourteenth Amendment substantive due
process "failure to train" claim.  The court held that Pahler "has neither identified the
specific training the [C]ity should have offered which would have prevented his injury,
nor has he established that such training was not provided."  App. at 65.  In addition, the
District Court noted that Pahler's complaint appears to support the view that the
individual who engaged in the injurious act has been trained in the use of shotgun, but
merely neglected to set the safety device.  According to the District Court, such conduct
does not rise to the level of a constitutional violation.  App. at 65 (citing County of
Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("opining that 'liability for negligently
inflicted harm is categorically beneath the threshold of constitutional due process'")).

## II.

This court's review of a district court order dismissing a complaint pursuant to
Rule 12(b)(6) for failure to state a claim upon which relief may be granted is plenary and
we apply the same test as the District Court.  See Doug Grant, Inc. v. Greate Bay Casino
Corp., 232 F.3d 173, 183 (3d Cir. 2000).  Although our standard of review requires us to
"accept as true all factual allegations in the complaint, we need not accept as true
'unsupported conclusions and unwarranted inferences.'" Id. at 183-84 (quoting City of
Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

### A. State-Created Danger

Generally, the state has no affirmative obligation to protect its citizens from the
violent acts of private individuals.  One of the exceptions to this general principle is the
"state-created danger" theory of liability, which we adopted in Kneipp v. Tedder, 95 F.3d
1199 (3d Cir. 1996).  We applied the four-part test articulated in Mark v. Borough of
Hatboro, 51 F.3d 1137 (3d Cir. 1995), which holds a state actor liable if:

> (1) the harm ultimately caused was foreseeable and fairly
> direct; (2) the state actor acted in willful disregard for the
> safety of the plaintiff; (3) there existed some relationship
> between the state and the plaintiff; (4) the state actors used
> their authority to create an opportunity that otherwise would
> not have existed for the third party's crime to occur.

Kneipp, 95 F.3d at 1208 (quoting Mark, 51 F.3d at 1152).

Thereafter, in County of Sacramento v. Lewis, 523 U.S. 833 (1998), the Supreme Court analyzed the overarching framework of substantive due process. We held in Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999), that Lewis requires a court, in all substantive due process cases, to determine if the state actor's behavior shocks the conscience. The precise degree of wrongfulness to reach the "conscience-shocking" level depends upon the circumstances of a particular case.

In this case, the District Court held that the second factor of the Kneipp test has been modified by the "shock the conscience" standard, and what rises to that level will ultimately depend on the factual scenario of the case at hand. We agree. Accordingly, a plaintiff seeking to recover under a "state-created danger" theory must show that the actor acted with a willful disregard for or deliberate indifference to plaintiff's safety that rises to the level of shocking the conscience.

The District Court stated that regardless of the degree of culpability that should be applied, the state-created danger theory arising out of the substantive due process clause of the Fourteenth Amendment does not apply to the plaintiff while functioning as a police officer. App. at 63. The court also stated that "[e]ven if the state created danger theory could be applied to police officers, the conduct of the defendants would not support a finding that shocks the conscience." App. at 63. Because we agree with the latter, we need not decide whether the "state-created danger" theory applies to a police officer. Failure to utilize the ESU to raid a suspected drug-dealer's residence can hardly be described as "deliberately indifferent" behavior that shocks the conscience constituting a substantive due process violation. As the Supreme Court has stated, "[t]he Due Process Clause 'is not a guarantee against incorrect or ill-advised personnel decisions.'" Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992) (quoting Bishop v. Wood, 426 U.S. 341, 350 (1976)).

Pahler argues that the District Court acted inappropriately in deciding that the defendants' actions did not constitute deliberately indifferent behavior that shocks the

conscience because of the lack of an established record. He hypothesizes that discovery could reveal that the defendants deliberately chose not to utilize the ESU because they did not want to allocate the additional funds necessary to deploy the ESU. In Collins, the Supreme Court cautioned:

> Decisions concerning the allocation of resources to individual programs, . . . and to particular aspects of those programs, such as the training . . . of employees, involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of Government for the entire country.

503 U.S. at 128-29. Moreover, we note that Pahler's injury was not caused by the dangers of the drug raid but by the negligence of a fellow police officer. Accepting all of the allegations of the complaint, we agree with the District Court that nothing suggests that defendants acted with indifference that shocks the conscience. Accordingly, Pahler's substantive due process claim under the "state-created danger" theory must fail.

### B. Failure to Train

Pahler's second claim is based on the defendants' alleged failure to train. A municipality may be held constitutionally liable under 1983 for failing to properly train its officers. See City of Canton v. Harris, 489 U.S. 378, 387 (1989); Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). However, inadequate police training may serve as the basis for 1983 liability only where the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388. Additionally, "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." Id. at 391.

"[S]tringent standards of culpability and causation must be applied" when an injury is caused by an employee rather than the municipality. Reitz, 125 F.3d at 145. Thus, "[a] plaintiff pressing a 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to

whether the alleged constitutional deprivations occurred."  Id.

Pahler has not pled any of the necessary elements to state a claim upon which
liability may be imposed against the defendants under the failure to train theory.  In fact,
Pahler stated in his complaint that the officer who engaged in the injurious act merely
neglected to set the safety device.  Simply put, Pahler makes no allegation that establishes
his injuries were cased by the defendants' deliberately indifferent failure to train the
City's officers.  As unfortunate as the mistake was, such a mistake cannot form the basis
of  1983 claim for "failure to train."

## III.

Because we find that District Court did not err in dismissing Pahler's  1983
claim, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/   Dolores K. Sloviter
Circuit Judge